HARRIMAN *v.* HARRIMAN.

A devise of the use, occupation, and improvement of land for the support of A. H. and his wife during their natural lives, with remainder in fee to such person or persons as shall take care of and support the said A. H. and his wife in their old age, is not void for uncertainty.

WRIT OF ENTRY.　The demanded premises were formerly owned by John Harriman, deceased, and both parties claim title under the

following provision in his will: First, "I give and bequeath unto my brother, Amos Harriman, and his wife, during their natural lives, and the survivor of them, the use, occupation, and improvement of a piece of land lying in said Goffstown [describing the demanded premises]; the said use, occupation, and improvement of said land to be for comfort and support of said Amos Harriman and his wife for and during the time aforesaid, and not to be taken from them to pay any debts of the said Amos; and after the decease of the said Amos and his wife, I will and bequeath the said land, in fee simple, to such person or persons as shall take care of and support the said Amos and his wife in their old age, and the survivor of them; that is to say, it is my will that the same go to John Harriman, Jr. [the defendant], the youngest son of the said Amos, to his heirs and assigns forever, if he will take care of the said Amos and his wife as aforesaid; if not, then to such person or persons as do."

'The question was reserved whether the foregoing devise was void for uncertainty, excepting as to the life estate of Amos Harriman and his wife.

*Cross* and *Burnham*, for the plaintiff.

*Patten*, for the defendant.

CLARK, J. A devise is never construed absolutely void for uncertainty, but from necessity. If it be possible to reduce it to a certainty, the devise is good. Powell on Devises 421. A devise is held to be void for uncertainty only when, after a resort to competent oral proof, it still remains matter of mere conjecture what was intended by the instrument. *Society* v. *Hatch*, 48 N. H. 393, 397.

In the present case there is no ambiguity appearing upon the face of the will. The intention of the testator is clearly expressed, that the remainder, after the termination of the life estate of Amos Harriman and his wife, should go to such person or persons as should take care of and support Amos and his wife in their old age, giving the preference to John Harriman, Jr., the defendant. The devise was to take effect, not at the death of the testator, but upon the termination of the life estate of Amos Harriman and his wife; and it was then to be determined who was entitled to the fee in the lands. This question is to be determined upon evidence. It is a question of identity. If no person has complied with the conditions of the will, the devise fails for want of a devisee. If it appears that the defendant, John Harriman, Jr., has complied with its conditions, then he is entitled to hold the lands under the will. If he has failed to do so, and the plaintiff has performed the conditions, then he is entitled to recover. Whether the devise shall fail for want of a suitable person to take it,

depends upon the evidence that may appear in the case. The court cannot say, as matter of law, that the devise is void for uncertainty.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.